# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Dramane D. Bivins, Jr., | Case No. 5: 25-cv-131 |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| United States of America, | MEMORANDUM OPINION AND ORDER |
| **Defendant.** | |

## Background

*Pro se* Plaintiff Dramane D. Bivins, Jr., a federal prisoner incarcerated at USP Coleman II in Florida, has filed an *in forma pauperis* civil complaint in this case against the United States. (Doc. No. 1.) Plaintiff was convicted in this district pursuant to a written plea agreement to one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See United States v. Dramane D. Bivins, Jr.*, No. 5: 21-cr-00883 (N.D. Ohio May 9, 2023) (Adams, J.). On May 10, 2023, he was sentenced to 37 months in prison to run consecutively with a state court sentence.

In his complaint, Plaintiff seeks "compensation" and immediate release from prison on the basis his constitutional rights were violated in his criminal case and that the sentencing court denied a motion he filed to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (*See* Doc. No. 1 at 1.) He also complains he was physically assaulted and abused in prison by corrections officers and did not receive correct medical treatment for diabetes. (*Id*. at 2.)

## Standard of Review and Discussion

Because plaintiff is proceeding *in forma pauperis* and seeks redress from a governmental defendant, his complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2) and 1915A. Those statutes require the Court to review Plaintiff's complaint, and to dismiss before service any portion of it that the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a "'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under §§ 1915(e)(2)(B) and 1915A).

Upon review, the Court finds that Plaintiff's complaint must be dismissed in accordance with §§ 1915(e)(2) and 1915A.

The United States, as sovereign, cannot be sued without its consent and the terms of its consent define the Court's subject matter jurisdiction. *See McGinness v. U.S.*, 90 F.3d 143, 145 (6th Cir. 1996). The United States has not waived its sovereign immunity to civil suits for constitutional rights violations under *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1] *Fagan v. Luttrell*, No. 97-6333, 2000 WL 876775, at *3 (6th Cir. 2000). Accordingly, sovereign immunity bars any constitutional claim for damages Plaintiff alleges against the United States, the only Defendant named in his complaint. *See also FDIC v. Meyer*, 510 U.S. 471, 485–86 (1994)

---

[1] Although Plaintiff does not specifically cite *Bivens* in his complaint, *Bivens* provides federal inmates and detainees with a cause of action for federal civil rights violations analogous to that provided by 42 U.S.C. § 1983 when the alleged perpetrators are federal, not state, employees.

2

(*Bivens* authorized limited damages actions against individual federal officials alleged to have violated civil rights, but not actions against federal agencies and entities).

In addition, Plaintiff has alleged no plausible civil rights claim to the extent he seeks release from prison. Where a prisoner challenges "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, to the extent Plaintiff seeks release from prison based on alleged constitutional violations in his federal criminal trial, his remedies are to pursue direct appeal from his criminal conviction and/or a motion to vacate, set aside, or correct sentence in the sentencing court pursuant to 28 U.S.C. § 2255. *See Rice v. United States Northern District Federal Court*, No. 1: 19-cv-472, 2019 WL 2617419, at *1 (N.D. Ohio, 2019) (dismissing civil action by federal inmate seeking immediate release from prison). Plaintiff indicates he has already filed a § 2255 motion in the sentencing court and was denied relief. A § 2255 motion would therefore be successive and would require Plaintiff to seek permission from the Sixth Circuit Court of Appeals before he could file any such motion. *See* 28 U.S.C. § 2255(h).

## Conclusion

For the foregoing reasons, Plaintiff's complaint against the United States is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                                       s/*Pamela A. Barker*
                                                       PAMELA A. BARKER
Date: April 9, 2025                          U. S. DISTRICT JUDGE